AO 91 (Rev. 11/11) Criminal Complaint

```
                            FILED
                    JAMES J. VILT JR., CLERK
                    U.S. DISTRICT COURT
                    W/D OF KENTUCKY
```

## UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF KENTUCKY

Date: Mar 21, 2022

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 5:22MJ-80-LLK |
| RICHARD MIDDLETON | ) |
| | ) |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, T.J. Worthen, the complainant in this case, state the following is true to the best of my knowledge and belief.

In or about and between February 10, 2022, and March 9, 2022, in Livingston County, Kentucky, in the Western District of Kentucky, the defendant violated:

*Count 1:*
*Code Section:* Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)
*Offense Description:* Distribution of Methamphetamine – a quantity containing a mixture and substance containing a detectible amount of Methamphetamine

*Count 2:*
*Code Section:* Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).
*Offense Description:* Distribution of Methamphetamine – 50 grams or more of a mixture and substance containing a detectible amount of Methamphetamine

*Count 3:*
*Code Section:* Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D)
*Offense Description:* Engaging in the Business of Dealing Firearms Without a License

*Count 4:*
*Code Section:* Title 18, United States Code, Section 924(c)(1)(A)
*Offense Description:* Possession of a Firearm in Furtherance of a Drug Trafficking Crime

*Count 5:*
*Code Section:* Title 18, United States Code, Section 922(g)(1) and 924(a)(2)
*Offense Description:* Prohibited Person in Possession of a Firearm

*Count 6:*
*Code Section:* Title 18, United States Code, Section 2; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).
*Offense Description:* Distribution of Methamphetamine (Aid and Abet) – 50 grams or more of a mixture and substance containing a detectible amount of Methamphetamine

This criminal complaint is based on these facts:

See *Affidavit in Support of Criminal Complaint*, incorporated as if fully set forth herein.

☐XX    Continued on the attached sheet

T.J. Worthen
Special Agent
Department of Alcohol, Tobacco, Firearms, and Explosives

*Sworn to/attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.*

Date: March 21, 2022

Hon. Lanny King, United States Magistrate Judge

City and State: Paducah, Kentucky

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Comes now Your Affiant, Special Agent T.J. Worthen of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), first being duly sworn, now deposes and says:

1. I am an ATF Special Agent and have been so employed since January 2016. Prior to my employment with ATF, Your Affiant worked as a law enforcement officer for several agencies, beginning in 2003. I am presently assigned to the Paducah Satellite Office. My duties include, but are not limited to, that of enforcing the federal firearms laws under Title 18, United States Code. I am a graduate of the Federal Law Enforcement Training Center, the James J. Rowley Training Center of the United States Secret Service, The Kentucky Department of Criminal Justice Training Center, the United States Federal Air Marshal Training Program and most recently the ATF National Academy, and as a result of my training and experience as a law enforcement officer, as well as an ATF special agent, I am familiar with federal criminal laws and federal firearms and drug laws. During my experience with ATF, I have been involved in many investigations involving armed criminals and drug traffickers; as a result, I have become familiar with federal and state firearms and drug laws.

2. This Affidavit is being submitted for the limited purpose of securing an arrest warrant for Richard MIDDLETON (hereinafter "MIDDLETON"). Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant for MIDDLETON, your affiant has not included each and every fact known concerning this investigation.

3. Based on the facts of the investigation, your affiant has cause to believe that on or about and between February 4, 2022, and March 9, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON committed the federal firearms and narcotics violations alleged herein.

4. The statements in this Affidavit are either known to me personally, based on my personal involvement, information provided verbally to me by other law enforcement personnel, information received by a review of court documents and, records maintained by the National Crime Information Center (NCIC), as well as my training experience, and the training and experience of other law enforcement officers.

## PROBABLE CAUSE

5. The ATF is currently conducting an investigation of Richard MIDDLETON (Hereinafter MIDDLETON), a subject known to traffic in drugs and firearms. From in or about February 4, 2022, until present, ATF has conducted multiple undercover purchases of methamphetamine and firearms from MIDDLETON. More specifically, five firearms and more than five ounces of a mixture and substance containing methamphetamine have been taken into ATF custody during that time.

6. On February 3, 2022, your affiant met with an ATF Confidential Informant (Hereinafter CI) who advised MIDDLETON offered to sell CI one ounce of methamphetamine for six hundred dollars ($600.00). Your affiant knows the CI to be credible and reliable based on interviews with the CI, as well as independent law enforcement corroboration.

7. On February 4, 2022, your affiant and ATF Task Force Officer (TFO) Mark Watkins met with CI at an undisclosed location to conduct a controlled purchase of drugs from MIDDLETON. TFO Watkins searched CI and CI'S vehicle. No contraband was found. CI was briefed and fitted with a monitoring device and provided seven hundred fifty dollars ($750.00) in Agent Cashier funds. Also present during the operation were the following persons, ATF SA Michael Beerwart, HSI SA William Howland, HSI SA Ned Arthur, LCSO Chief Deputy Sam Adams, and LCSO Deputy Seth P'Pool.

-2-



8. CI departed the meet location for MIDDLETON'S residence, located at 743 Belcher Road, Tiline, KY. Your affiant and TFO Watkins followed. CI arrived at MIDDLETON'S property and made contact with MIDDELTON. During this interaction, CI paid MIDDLETON six hundred dollars in ($600.00) in Agent Cashier funds in exchange for one ounce of methamphetamine.

9. CI departed MIDDLETON'S residence. Your affiant and TFO Watkins followed CI to an undisclosed location to be debriefed. CI provided your affiant the previously mentioned one ounce of methamphetamine. Your affiant noted the material to be a crystal-like white substance packaged in a clear plastic bag and tied in a knot. The package weighed approximately 30.8 grams and field tested positive for methamphetamine.

10. On Wednesday, February 9, 2022, your affiant spoke with CI who stated MIDDLETON was willing to sell CI two ounces of methamphetamine for one thousand dollars ($1000.00), and four (4) firearms for an unspecified amount.

11. On February 10, 2022, your affiant and ATF Task Force Officer (TFO) Mark Watkins met with CI at an undisclosed location to be briefed. CI and CI'S vehicle were searched by TFO Watkins. No contraband was found. CI was provided two thousand dollars ($2,000.00) in ATF Agent Cashier (AC) funds and fitted with a recording device. Also present during the operation were the following persons, ATF SA Michael Beerwart, HSI SA William Howland, HSI SA Ned Arthur, LCSO Chief Deputy Sam Adams, LCSO Deputy Seth P'Pool, USFWS SA Jessie Fielder, and USFWS Captain John Rayfield.

12. CI departed the brief location and travelled to MIDDLETON'S residence. Your affiant and TFO Watkins followed. Surveillance units noted one of MIDDLETON'S vehicles, described as a blue Ford Mustang, bearing KY plate AKY428, was parked in the front yard. CI arrived at MIDDLETON'S property and made contact with MIDDLETON.

*LLK*
*TW*

13. During this interaction, CI paid MIDDLETON one thousand dollars ($1,000.00) in Agent Cashier funds for the following items:

- Ammo can that contained a Hi-Point/Iberia Firearms pistol, model JCP, .40 caliber, bearing serial number X7142275, with magazine inserted;
- Three magazines inside the ammo can; one containing seven (7) rounds of 9mm ammunition;
- Manufacturers' box for Hi Standard Sentinel Deluxe revolver and Hi Standard revolver, model Sentinel Deluxe, .22 caliber, bearing serial number 1621664;
- Nine (9) expended .22 caliber shell casings located in the cylinder of the Hi Standard revolver;
- Taurus pistol, model PT111G2A, 9mm, bearing serial number TMT38151;
- Styrofoam ammunition container containing twenty-one (21) rounds of 9mm ammunition;
- Remington rifle, model 597, .22 caliber, bearing serial number C2691047; and a
- Remington rifle, model 550-1, .22 caliber, bearing serial number 711140.

14. During the same transaction, CI also paid MIDDLETON an additional one thousand dollars ($1,000.00) in Agent Cashier funds in exchange for two ounces of methamphetamine.

15. CI departed the location. Your affiant and TFO Watkins followed CI to an undisclosed location and met with CI to be debriefed. Prior to the debrief, CI provided your affiant a clear plastic bag containing a white substance suspected of methamphetamine, weighing approximately 56.8 grams. Your affiant noted the material field tested positive for methamphetamine. Your affiant and TFO Watkins conducted a search of CI and CI'S vehicle. No additional contraband was found.

LLK
TW

16. Your affiant has reviewed numerous law enforcement databases such as Courtnet, which reveal that MIDDLETON is a convicted felon, and thus not allowed to possess firearms to wit: On or about February 17, 2021, in McCracken Circuit Court case number 13-R-454-002, MIDDLETON was convicted of the offenses of Receiving Stolen Property $10,000 or more and Third Degree Burglary, each a felony.

17. On March 9, 2022, your affiant spoke with CI who stated MIDDLETON offered to sell CI two ounces of methamphetamine for one thousand dollars ($1,000.00).

18. Your affiant, Lyon County Sheriff's Office (LCSO) Chief Deputy (CD) Samuel Adams, and members of the Western Kentucky Violent Crimes Task Force (WKVCTF) met with CI in efforts to make a controlled purchase of methamphetamine and a firearm from MIDDLETON. CD Adams conducted a search of CI and CI'S vehicle. No contraband was found. CI was fitted with a recording device and provided eighteen hundred dollars ($1,800.00) in Agent Cashier funds.

19. CI and surveillance units departed the briefing location and drove to MIDDLETON'S residence. CI arrived at MIDDLETON'S residence and made contact with MIDDLETON. During this interaction, MIDDLETON sold CI once ounce of methamphetamine for four hundred fifty dollars ($450.00). MIDDLETON informed CI that the other ounce was in Bobby COPELAND's camper. CI and MIDDLETON left MIDDLETON'S camper and entered an adjacent camper and made contact with Bobby COPELAND.

20. COPELAND packaged one ounce of methamphetamine into a clear plastic baggie for CI. CI attempted to hand COPLEAND four hundred fifty dollars ($450.00), however MIDDLETON took the money instead. MIDDLETON then handed COPELAND the four hundred and fifty dollars ($450.00), and COPELAND gave CI one ounce of methamphetamine.

21. CI departed MIDDLETON'S residence and met with your affiant and CD Adams to

be debriefed. CI provided your affiant with two plastic baggies containing a crystal white substance. Both items field tested positive for methamphetamine. One baggie weighed approximately 27.1 grams. The other baggie weighed approximately 28.8 grams. CI and CI's vehicle were searched by CD Adams. No other contraband was found. CI returned nine hundred dollars in Agent Cashier funds and the recording device.

22. CI stated CI observed approximately three additional ounces of methamphetamine, scales, and plastic baggies in COPELAND'S camper. CI stated the drugs and paraphernalia were on the table in COPLEAND'S dining area, and that COPLEAND packaged the methamphetamine which CI had purchased on that same table.

23. An interstate nexus examination was completed by an ATF expert on the firearms mentioned above. Specifically, the firearms are identified as:

- one Hi-Point/Iberia Firearms pistol, model JCP, .40 caliber, bearing serial number X7142275;
- one Hi Standard revolver, model Sentinel Deluxe, .22 caliber, bearing serial number 1621664;
- one Taurus pistol, model PT111G2A, 9mm, bearing serial number TMT38151;
- one Remington rifle, model 597, .22 caliber, bearing serial number C2691047; and
- one Remington rifle, model 550-1, .22 caliber, bearing serial number 711140.

24. Based upon visual inspection, it was determined four of the five firearms were found to be firearms as defined by federal statute, and not manufactured in the state of Kentucky. Based upon this information, concerning the location of manufacture for the firearms, the presence of the four firearms in Kentucky indicates that at some point the firearms travelled in or affected interstate or foreign commerce. However, the Remington rifle, model 597, .22 caliber, bearing serial number C2691047 was manufactured in the state of Kentucky.



25. THEREFORE, based upon the above, your affiant has probable cause to believe that, on or about February 4, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON, knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

26. Based on the above, your affiant has probable cause to believe, that on or about February 10, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON knowingly and intentionally distributed fifty (50) grams or more of a mixture or substance containing a detectible amount of Methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812 and, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

27. Your affiant has probable cause to believe, that on or about February 10, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a) and 924(a)(1)(D).

28. Your affiant has further cause to believe, that on or about February 10, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON committed the offense of possessing a firearm in furtherance of a drug trafficking crime, which is the drug trafficking crime he committed on February 10, 2022, referenced in paragraphs 11-15 herein.

29. Your affiant has further cause to believe, that on or about February 10, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON committed the offense



of being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

30. Your affiant has further cause to believe, that on or about March 9, 2022, in the Western District of Kentucky, Livingston County, Kentucky, MIDDLETON, aided and abetted by Bobby Copeland, knowingly and intentionally distributed fifty (50) grams or more of a mixture or substance containing a detectible amount of Methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812 and, in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

31. WHEREFORE, your affiant respectfully requests a warrant issue for the violations alleged herein.

Further your Affiant sayeth naught.

Special Agent TJ Worthen
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to/attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.

Honorable Lanny King
United States Magistrate Judge
United States District Court
Western District of Kentucky

Date: March 21, 2022